IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MARILOU MARIE HATLER, | |
| Plaintiff, | 4:20-cv-69-BMM |
| vs. | ORDER |
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, and JOHN DOES I-III, | |
| Defendants. | |

## INTRODUCTION

Marilou Hatler ("Plaintiff") filed this action to obtain a declaration that she is entitled to medical payments coverage ("MPC") and underinsured motorist coverage ("UIM") under her husband Pat Hatler's businessowners motor vehicle insurance policy ("Policy") issued by Mountain West Farm Bureau Mutual Insurance Company ("Mountain West" or "Defendant"). (Doc. 26 at 3).

Plaintiff filed a motion for summary judgment on November 13, 2020. (Doc. 14). Defendant filed a motion for summary judgment on January 15, 2021. (Doc. 24). Plaintiff argues that she is entitled to MPC and UIM under the Policy as a matter of law. (Doc. 15 at 8). Defendant argues that certain coverage exclusions

contained in the policy bar coverage for Plaintiff's claims for MPC and UIM. (Doc. 35 at 2; Doc. 25 at 2). In particular, Defendant argues that Plaintiff drove a vehicle that she owned, but had failed to insure with Mountain West, and, therefore was subject to MPC and UIM exclusions. (Doc. 35 at 2; Doc. 25 at 2). This Court held a motion hearing regarding both summary judgment motions on March 23, 2021. (Doc. 39).

## BACKGROUND

*Factual Background*

Plaintiff was driving her Oldsmobile Alero when another vehicle struck her on September 21, 2017. (Doc. 26 at 2). Plaintiff sustained severe injuries from the accident. (Doc. 4 at 3). Plaintiff settled with the tortfeasor for the full limits of the tortfeasor's liability policy coverage. (Doc. 16 at 2; Doc. 26-3 at 2). Plaintiff received additional coverage through an insurance policy that she purchased for the Alero from Liberty Mutual. (Doc. 26 at 2; Doc. 26-4 at 8).

Plaintiff's husband, Pat Hatler, purchased separately a Businessowner's insurance policy from Mountain West for his drywall and painting contractor business. (Doc. 26 at 3). The Policy lists Pat Hatler as the named insured. (Doc. 27 at 3). The Policy includes a section titled "Commercial Auto Coverage." (Doc. 26 at 3). This section describes the scope of MPC and UIM for covered accidents. (Doc. 26 at 5–10).

Plaintiff asserts that the Policy also provides MPC and UIM coverage for her accident. (Doc. 4 at 3). On three separate occasions, Plaintiff requested that Defendant pay the full, stacked limits of the Policy's MPC and UIM to cover her medical expenses incurred from the accident. (Doc. 4 at 4). Defendant denied coverage (Doc. 4 at 4–5). Plaintiff filed a complaint in Montana State Court on June 22, 2020. (Doc. 1-1 at 4). Defendant removed that action to the District of Montana on July 29, 2020. (Doc. 1).

*Legal Standards*

A court should grant summary judgment where the movant demonstrates that no genuine dispute exists "as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The interpretation of an insurance contract is a question of law." *United States Fire Ins. Co. v. Greater Missoula Fam. YMCA*, 454 F. Supp. 3d 978, 981 (D. Mont. 2020), (quoting *United National Inc. Co. v. St. Paul Fire & Marine Ins. Co.*, 214 P.3d 1260, 1265 (Mont. 2009)).

Federal courts exercising diversity jurisdiction apply state law to determine substantive issues. 28 U.S.C. § 1332(a); *See Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). Determination of insurance coverage involves a two-step process in which the insured bears the burden to establish coverage and the insurer bears the

3

burden to prove that an exclusion applies. *See Travelers Cas. & Sur. Co. v. Ribi Immunochem Research*, 108 P.3d 469 (Mont. 2005); *United States Fire Ins. Co.*, 454 F. Supp. 3d at 98.

Montana law provides that insurance policies must afford coverage for the reasonable expectations of the insured. "The reasonable expectations doctrine provides that the objectively reasonable expectations of insurance purchasers regarding the terms of their policies should be honored notwithstanding the fact that a painstaking study of the policy would have negated those expectations." *Giacomelli v. Scottsdale Ins. Co.*, 221 P.3d 666, 674 (Mont. 2009) (citing *American Family Mut. Ins. Co. v. Livengood*, 970 P.2d 1054, 1059 (Mont. 1998)). "Expectations that are contrary to clear provisions of the policy are not reasonable." *ALPS Prop. & Cas. Ins. Co. v. Keller, Reynolds, Drake, Johnson & Gillespie, P.C.*, 482 P.3d 638, 648 (Mont. 2021).

The Montana Supreme Court declined in *ALPS* to find coverage where one of the insureds had knowledge of an impending claim at the time of applying for the policy and failed to disclose the impending claim. *See id.* at 650. The policy expressly declined coverage for unreported claims. *See id*. *ALPS* demonstrates that courts will not enforce the unreasonable expectations of an insured. More on point, *Lierboe v. State Farm Mut. Auto. Ins.* involved an injured passenger of a Jeep insured by State Farm through a private policy who sought additional coverage

4

under a separate State Farm commercial policy that insured only a Dodge. *Lierboe v. State Farm Mut. Auto. Ins.*, 73 P.3d 800, 801 (Mont. 2003). The Court concluded that the injured passenger in the Jeep lacked a reasonable expectation of coverage under the commercial policy when they did not occupy the Dodge covered by that commercial policy. *Id*. at 802.

Montana law also provides that courts should interpret ambiguous policy provisions in favor of coverage. *Mitchell v. State Farm Ins. Co.*, 68 P.3d 703, 709 (Mont. 2003). If the language of the "policy admits of only one meaning, there is no basis for interpretation of the policy coverage under the guise of ambiguity." *United Pac. Ins. Co. v. First Interstate Banksystems of Montana, Inc.*, 664 F. Supp. 1390, 1392 (D. Mont. 1987).

## ANALYSIS

### I. Policy Coverage

Plaintiff argues that the plain text of the Policy entitles her to MPC and UIM coverage. (Doc. 15 at 11–34). The Court will analyze each coverage endorsement in turn.

#### a. Medical Payments Coverage

The Policy's MPC endorsement provides that Mountain West "will pay reasonable expenses incurred for necessary medical" care from an accident for the named insured. (Doc. 18-2 at 16). The Policy includes medical coverage for a

"family member" of the named insured. (Doc. 18-2 at 17). The Policy also includes several exclusions to the MPC endorsement. Relevant to this case, the Policy excludes coverage for a bodily injury "sustained by any 'family member' while 'occupying' . . . any vehicle (other than a covered 'auto') owned by or furnished or available for the regular use of any 'family member.'" (Doc. 18-2 at 16).

Defendant argues that the exclusion covers Plaintiff by its plain terms. Plaintiff qualifies as a family member entitled to coverage. Plaintiff owned the Alero and the Alero remained available for Plaintiff's regular use. The Policy includes a list of "Covered autos" in the "Business Auto Coverage Form." (Doc. 18-2 at 5). The auto coverage form lists autos that required premium payments to maintain insurance coverage under the Policy. The Alero is not listed as a "Covered auto." (Doc. 18-2 at 5). Plaintiff suffered injuries in an accident while she occupied the Alero. Defendant argues that the Policy's plain text requires exclusion.

Plaintiff proposes several arguments to rebut Defendant's plain text argument. Those arguments prove unavailing. Plaintiff contends that the Policy's use of "vehicle" in the exclusion and "auto" within the MPC endorsement could reasonably indicate separate non-synonymous terms. (Doc. 15 at 18). Plaintiff argues that denial of coverage would defeat her reasonable expectations of coverage when occupying "any auto." (Doc. 15 at 24; Doc. 29 at 3). Plaintiff

6

asserts that the Policy's use of "vehicle" rather than "auto" creates an unreasonable ambiguity that should be resolved in favor of coverage. (Doc. 15 at 22). Plaintiff fails to explain what separate non-synonymous terms could be contemplated by "vehicle" and "Covered auto."

The form and content of the Policy undercut Plaintiff's argument. The exclusion in question appears on the same page of the Policy as the section initially granting MPC. (Doc. 18-2 at 16). The exclusion itself appears clear and unambiguous in its terms. The decision to draft the terms of coverage to cover those family members occupying "any auto" unless occupying the broader term of "vehicle" proves reasonable. The "Covered auto" exception refers to a separate section of the Policy where the insured can elect to pay premiums for insurance coverage of particular vehicles. (Doc. 18-2 at 5). This "Covered auto" exclusion carves out a precise exception to the general rule articulated in the endorsement—an exception meant to capture those autos the insured pays a premium to cover under the Policy.

Plaintiff finally contends that a reasonable insured would conclude that the term "Covered auto" in the MPC would not relate to the list of covered vehicles provided in a separate part of the Policy. (Doc. 15 at 19). Plaintiff argues that a reasonable insured would not consult any other portion of the Policy to determine which autos are covered under the Policy. (Doc. 15 at 19). Plaintiff's proposed

7

reading of the Policy by section conflicts with clear requirements of Montana law that require an insured to consult an insurance policy as a whole. *See Fisher ex rel. McCartney v. State Farm Mut. Auto. Ins. Co.*, 305 P.3d 861 (Mont. 2013); *Meyer v. State Farm Mut. Auto. Ins. Co.,* 15 P.3d 899 (Mont. 2000).

The Policy's plain text proves clear and unambiguous. Nothing in the Policy language entitles Plaintiff to MPC when she occupied a non-covered auto during her accident. Mountain West has met their burden of demonstrating the MPC exemption applies to the Plaintiff as a matter of law. *See Travelers Cas. & Sur. Co.*, 108 P.3d at 469.

### b. Underinsured Motorist Coverage

The Policy's UIM endorsement provides that Mountain West will pay the amount the "insured" is entitled to recover from "bodily injury" caused by an accident with an "underinsured motor vehicle." (Doc. 18-2 at 20). The UIM lists among those insured "any 'family member'" and "[a]nyone else 'occupying' a Covered 'auto' or a temporary substitute for a Covered 'auto.'" (Doc. 18-2 at 21).

The Policy also lists several exclusions. One such exclusion stipulates that UIM coverage does not extend to bodily injury sustained by a family member while they occupied "any vehicle (other than a Covered auto)." (Doc. 18-2 at 21). The scope of "any vehicle" includes a vehicle that was owned by that family

8

member that is "not a Covered 'auto' for Uninsured Motorists Coverage under this Coverage Form." (Doc. 18-2 at 21).

Defendant argues that this exclusion for family members applies to Plaintiff. As previously discussed, Plaintiff would otherwise qualify as an "Insured" as a "family member." (Doc. 18-2 at 22). Plaintiff sustained her injuries, however, when she occupied her Alero. The Policy fails to list Plaintiff's Alero as a "Covered auto" within the "Business Auto Coverage Form." (Doc.18-2 at 5). Plaintiff separately insures her Alero through her policy with Liberty Mutual. (Doc. 26 at 2).

Plaintiff again attempts unsuccessfully to counter Defendant's plain text interpretation of the exclusion. Plaintiff reasons that the exclusion's language of Covered autos "for Uninsured Motorists Coverage under this Coverage Form" requires that the parameters of "Covered auto" must be found within the UIM endorsement itself. (Doc. 29 at 7; Doc. 18-2 at 21). Plaintiff claims that the definition of "Covered auto" within the UIM is "one that is licensed or principally garaged in Montana." (Doc. 29 at 8). Plaintiff argues that this alternative UIM definition creates ambiguity because it would be "equally reasonable" for her to rely on that definition within the UIM. (Doc. 15 at 34).

Plaintiff's claim omits vital context. The entire phrase upon which Plaintiff relies to define "Covered auto" reads as follows: "For a covered 'auto' licensed or

9

principally garaged in, or 'garage operations' conducted in Montana, this endorsement modifies insurance provided under the following [coverage forms]." (Doc. 18-2 at 20). The Policy language taken in its entirety unambiguously *modifies* the coverage available rather than changes the operative definition of what qualifies as a "Covered auto."

Plaintiff further asserts the UIM exclusion proves unenforceable because a reasonable insured would have difficulty finding the exclusion, the definitions of "Covered auto," and the inclusion of underinsured motorist coverage within the gambit of UIM. (Doc. 29 at 19; Doc. 15 at 31–33). Plaintiff contends that an insured reasonably cannot be expected to anticipate an exclusion when they must undertake "painstaking study" of the Policy. *See American Family Mut. Ins. Co.,* 970 P.2d at 1059. The Montana Supreme Court in *American Family* found that no "painstaking study" was required when terms "clearly" "excluded coverage." *Id*. at 1059. The Court declined to find coverage under the nonowned automobile exclusion. *Id.* at 1061.

Plaintiff claims that the UIM exclusion defeats Plaintiff's reasonable expectations by failing to clearly identify that the UIM endorsement includes underinsured coverage in its definition of uninsured coverage. Plaintiff's argument fails because the UIM exclusion does not require painstaking study. The Montana Supreme Court determined in *Fisher* the insured must "read the exclusion section,

the definition section, and the declaration page to determine the scope of coverage." *Fisher*, 305 P.3d at 867. The UIM exclusion does not require such extensive study. The bolded exclusion section falls directly below the "Who is Insured" section. (Doc. 18-2 at 21). The definition of "Underinsured Motor Vehicle" appears on the following page. (Doc. 18-2 at 22). The UIM Policy's plain text proves unambiguous. The UIM exclusion in the Policy applies to Plaintiff in this case and bars UIM coverage to Plaintiff.

## II. The Montana Property and Casualty Insurance Policy Language Simplification Act

Plaintiff separately argues that the Policy violates the Montana Property and Casualty Insurance Policy Language Simplification Act ("Simplification Act"). (Doc. 15 at 34). Montana adopted the Simplification Act to "establish minimum language and format standards to make property and casualty policies easier to read." Mont. Code Ann. § 33-15-334. The Simplification Act also sought to avoid increasing "the risk assumed under policies" or impeding "flexibility and innovation in the development of policy forms or content." *Id*. The Simplification Act requires a policy to include "a table of contents and notice section of important provisions." *Id*. § 33-15-337(2).

The Simplification Act covers the Policy. The Montana legislature defined "Casualty insurance" to include "vehicle insurance." *Id*. § 33-1-206. State law elsewhere identifies UIM coverage as a component of vehicle insurance and

11

casualty insurance. *See id*. § 33-23-201; *Van Vallis v. Transcon. Ins. Co.*, No. CV 07-26-M-DWM-JCL, 2008 WL 11348493, at *8 (D. Mont. Aug. 7, 2008). The Simplification Act encompasses the Policy's auto coverage, including the MPC and UIM policies.

      Plaintiff contends that the Policy's MPC and UIM exclusions violate the Simplification Act's requirement to provide "notice" of "important provisions" and thereby render these exclusions unenforceable. (Doc. 15 at 34). The Parties agree that the Policy includes a "Businessowners Coverage Form Index" that satisfies the Simplification Act's general table of contents requirement. (Doc. 18-3 at 79–83). The Index does not include the MPC endorsement, UIM endorsement, or the exclusions at issue in this case. Plaintiff argues that the Index fails to provide "notice" of "important provisions." (Doc. 29 at 15–16).

      Plaintiff's argument for an expanded index proves unavailing. Plaintiff fails to propose a limiting principle for how an insurance company should prepare a lawful table of contents. As Plaintiff argues, a valid table of contents would have to include any coverage feature that potentially could defeat coverage. This requirement would cover nearly all provisions of a given insurance policy, and produce, in essence, a table of contents as long as the insurance policy itself. The Policy at issue already includes 183 listed features in its Index. (Doc. 18-3 at 79–

83). For Mountain West to include every possible feature that may be important to a customer would create an Index too expansive to be useful for any insured.

Plaintiff's Simplification Act argument fails for another critical reason. The Montana legislature directed that the Simplification Act was "not intended to increase the risk assumed under" insurance policies. Mont. Code Ann. § 33-15-334(2). Courts have used the Simplification Act only to invalidate notice provisions when those provisions do not alter the assumption of risk. *See Montana Petroleum Tank Release Comp. Bd. V. Crumleys, Inc.*, 174 P.3d 948, 954 (2008); *Van Vallis*, 2008 WL 11348493, at *8. Defendant argues that invalidation of the MPC and UIM exclusions would increase the risk Defendant assumed under the Policy in violation of the Simplification Act. (Doc. 35 at 13–14).

Both Parties argue that *Montana Petroleum* proves instructive in this case. *See generally Montana Petroleum*, 174 P.3d at 958. The insured sought to recover cleanup costs from a leaking underground diesel tank. *See id.* at 953. The insurance company denied coverage to the insured based on a notice provision that required the insured to give notice of the leak within 120-hours of the occurrence. *See id.* at 954. The Montana Supreme Court invalidated the 120-hour notice provision under the Simplification Act in the interest of public policy. *See id.* at 959. The Montana Supreme Court's decision accords with the Simplification Act because invalidation of the notice provision did not extend coverage under the Policy. *See* Mont. Code

13

Ann. § 33-15-334. The Simplification Act instead invalidated a provision of the insurance policy that otherwise denied rightful coverage. *Montana Petroleum*, 174 P.3d at 962.

Plaintiff argues that the MPC and UIM exceptions constitute important provisions that require notice and that Plaintiff otherwise would be entitled to coverage. (Doc. 15 at 36). Defendant distinguishes *Montana Petroleum* because the 120-hour notice provision does not alter the risks assumed under the policy. (Doc. 35 at 14). The insured in *Montana Petroleum* reasonably relied on the coverage provided to them and were denied coverage only because of a technical violation of a notice provision. (Doc. 35 at 14). The parameters of coverage under the policy otherwise remained unchanged. (Doc. 35 at 14).

Plaintiff seeks to use the Simplification Act to expand the Policy to cover family members occupying autos that otherwise would not be covered under the Policy. Plaintiff failed to list the Alero in the Policy and failed to pay premiums to cover the Alero under the Policy. Plaintiff instead insured the Alero under a separate policy with Liberty Mutual. The Court will not invalidate the Policy's reasonable coverage exemptions to expand coverage to the Alero in conflict with the Simplification Act.

## CONCLUSION

The undisputed facts and plain language of the Policy denies Plaintiff's coverage. Plaintiff did not list the Alero and pay insurance premiums for the vehicle on for coverage on her husband's business Policy. Plaintiff instead insured the Alero through Liberty Mutual. Mountain West's MPC and UIM exceptions do not defeat the Plaintiff's reasonable expectations of coverage because it was unreasonable for Plaintiff to expect coverage based on the plain terms of the Policy. The Policy does not violate the Simplification Act because the Simplification Act does not require every possibly important provision of the Policy to be included in an index or table of contents. Further, invalidation of the MPC and UIM exceptions would expand coverage in violation of the Simplification Act.

## ORDER

Accordingly, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 24) is **GRANTED**. Plaintiff's Motion for Summary Judgment (Doc. 14) is **DENIED**.

Dated the 24th day of June, 2021.

_____
Brian Morris, Chief District Judge
United States District Court